UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARIA EDUARDA<br>LISBON FERRO,<br><br>        Petitioner,<br><br>v.<br><br>PATRICIA HYDE,<br>*New England Field Office Director,*<br>*U.S. Immigration &*<br>*Customs Enforcement*, et al.,<br><br>        Respondents. | 2:25-cv-00513-SDN |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 7, 2025, Petitioner Maria Eduarda Lisbon Ferro filed an unverified petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The same day, I conditionally ordered that Respondents not remove Petitioner from the jurisdiction of the United States or transfer her to a judicial district outside of Maine pending further order of this Court, except that she could be transported to attend criminal proceedings in the District of Massachusetts. ECF No. 4 at 2. The Order was conditioned on Ms. Lisbon Ferro filing an amended verified petition on or before October 8, 2025. *Id*. I also ordered the Respondents to show cause as to why Ms. Lisbon Ferro's detention was proper. *Id*. at 3. Petitioner subsequently filed an amended verified petition on October 8, 2025. ECF No. 5. Respondents filed their response to the show cause order on October 10, 2025. ECF No. 6.

In the verified petition, Ms. Lisbon Ferro requested, among other things, that the Court find her detention violated the Constitution. ECF No. 5 at 11. She also asked this

1

Court to order her immediate release. *Id*. For the reasons that follow, I deny Ms. Lisbon Ferro's habeas petition without prejudice.

## I. Facts

The facts in this matter are complicated, but the most salient are as follows. Ms. Lisbon Ferro is a Brazilian national who applied for admission to the United States at a port of entry between Mexico and Texas on or about March 5, 2016. ECF No. 6-1 at 1. Immigration authorities designated her as "an arriving [noncitizen]" who was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act." *Id*.; *see* 8 U.S.C. § 1182(a)(7)(A)(i) (enumerating the circumstances when an "immigrant at the time of application for admission" is deemed "inadmissible"). On March 24, 2016, she was released on her own recognizance, ECF No. 6-2, and has since resided in Woburn, Massachusetts, ECF No. 5 at 1.

On September 17, 2025, Ms. Lisbon Ferro was arrested and charged by the Woburn, Massachusetts Police Department on allegations of assault and battery on a family or household member and assault and battery with a dangerous weapon. ECF No. 6-3 at 3; *see* Mass. Gen. Laws ch. 265, § 15A(b) (2025) (assault with a dangerous weapon); Mass. Gen. Laws ch. 265, § 13M(a) (2025) (assault on a household member). She currently is being held in Immigration and Customs Enforcement ("ICE") custody in Cumberland County Jail in Portland, Maine.[1] ECF No. 6 at 1.

---

[1] Because Ms. Lisbon Ferro currently is detained in Maine, I find that this Court retains jurisdiction to hear the merits of the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

On October 21, 2025, the Court held oral argument on Ms. Lisbon Ferro's habeas petition. ECF No. 12. At the hearing, Respondents represented to the Court that on October 16, 2025—after Ms. Lisbon Ferro had filed her verified petition with this Court—the Immigration Court found that Petitioner is removable and issued a final order of removal to Brazil.[2] Respondents also stated that Petitioner waived her right to appeal the final removal order. Petitioner's counsel confirmed that Ms. Lisbon Ferro had received the final removal order from the Government but requested that this Court order ICE to transport Ms. Lisbon Ferro to Massachusetts as necessary for the pendency of her criminal case. Respondents opposed Ms. Lisbon Ferro's request, arguing that the Immigration Court's final order of removal requires the United States Attorney General to detain and subsequently remove her from the country irrespective of her state criminal case. The Court took the issue under advisement.

## II.  Analysis

The Immigration and Nationality Act ("INA") channels immigration claims through the administrative process and sharply limits judicial review while that process is ongoing. The relevant provision provides as follows:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). This "zipper" clause, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999), squeezes claims relating to removal into the administrative process, only to release them for judicial review once a final administrative

---

[2] Respondents submitted a copy of the final removal order to this Court, but it was not introduced into the record.

order is issued. Until that happens, the statute strips federal courts of jurisdiction. 8 U.S.C. § 1252(b)(9) ("[N]o court shall have jurisdiction, by habeas corpus . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.").

8 U.S.C. § 1252(b)(9) specifically prohibits judicial review of "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from* any action taken or proceeding brought to remove an alien from the United States . . . ." 8 U.S.C. § 1252(b)(9) (emphasis added). Generally, the First Circuit has interpreted the phrase "arising from" to mean that "district courts retain jurisdiction over challenges to the *legality* of detention in the immigration context." *Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec.*, 510 F.3d 1, 11 (1st Cir. 2007) (emphasis added); *see also Hernandez v. Gonzales*, 424 F.3d 42, 42 (1st Cir. 2005) ("[T]hose provisions were not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders." (quotation modified)). As such, this Court and many other district courts across the country have found that they retain jurisdiction over questions of the constitutionality of certain mandatory detention schemes, the application of which could serve to strip noncitizens of their due process rights in applicable contexts. *See Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5–9 (D. Me. Sept. 22, 2025); *see also id.* at *5 (collecting cases holding the same). Indeed, the application of the mandatory detention statute, 8 U.S.C. § 1225(b), to Ms. Lisbon Ferro's case was the main point of contention in her habeas petition. *See* ECF No. 5 at 2–4.

Here, however, the fact that the Immigration Court issued Ms. Lisbon Ferro a final order of removal is dispositive to my analysis. 8 U.S.C. § 1231, which governs noncitizens

4

who have been charged with a final order of removal, unequivocally mandates detention of the noncitizen during the removal period, which is prescribed to last no more than ninety days under most circumstances. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible . . . ."); 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ."). Ms. Lisbon Ferro's request that the Court order ICE to transport her to Massachusetts while her removal proceedings are ongoing "aris[es] from" the Attorney General's mandate to keep her detained such that she can be removed from the country. 8 U.S.C. § 1252(b)(9). The Court therefore construes her demand as being inextricably linked to the final order of removal in her case, rather than as a "claim[] that [is] independent of, or wholly collateral to, the removal process." *Aguilar*, 510 F.3d at 11. Accordingly, the Court is precluded by the INA from adjudicating the merits of Ms. Lisbon Ferro's request for a transportation order to Massachusetts.[3]

As to the other claims in Ms. Lisbon Ferro's habeas petition seeking immediate release or a declaration that her detention is improper, *see* ECF No. 5 at 10–11, after a final order of removal is issued and administrative appeals have been exhausted or

---

[3] Ms. Lisbon Ferro's argument at the hearing that federal courts have the power under 28 U.S.C. § 2241(c)(5) to order a person in ICE custody to be transported to state court is unavailing. The case that Ms. Lisbon Ferro cited held that if such a writ were to be at all allowable, it would need to be sought by the state entity that seeks to effectuate the prosecution. *See Malool v. Castro*, No. 25-CV-11222, 2025 WL 1424434, at *3 (D. Mass. May 16, 2025) (denying a habeas petition from a noncitizen in ICE custody seeking a writ to secure his appearance in state court; "if the Commonwealth of Massachusetts seeks to prosecute Malool, this is a route it can take . . . but it is not desirable to be made on behalf of the defendant" (quotation modified)).

waived,[4] the Attorney General is required to detain her until her removal is effectuated. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). Thus, there can be no finding that it is improper for Respondents to mandatorily detain Ms. Lisbon Ferro at this time.

For the foregoing reasons, the Court **DENIES** Ms. Lisbon Ferro's verified petition for a writ of habeas corpus without prejudice. ECF No. 5.

**SO ORDERED.**

Dated this 27th day of October, 2025.

                                         /s/ Stacey D. Neumann
                                         **UNITED STATES DISTRICT JUDGE**

---

[4] The Government represented at the October 21, 2025, hearing that Ms. Lisbon Ferro waived her appeal of the final removal order.

6